United States Court of Appeals,

Fifth Circuit.

No. 93-3631.

The FIRST NATIONAL BANK OF BOSTON, Plaintiff-Appellee,

v.

BECKWITH MACHINERY COMPANY, Intervenor-Appellant,

v.

VIKING MARITEC, INC., Defendant.

July 22, 1994.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before JOHNSON, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:

Because the determinative issue in this case is clearly a matter of Louisiana law, because there has been no ruling by a Louisiana court on this issue, and because there is no federal issue in this case, we hereby invoke the certification privilege granted by Rule XII of the RULES OF THE SUPREME COURT OF LOUISIANA.[1] Both the plaintiff and the intervenor, when asked at oral argument whether they would object to certification, indicated that they had no objections.

---

[1]"When it appears to ... any circuit court of appeal of the United States, ... that there are involved in any proceedings before it questions or propositions of law of this state which are determinative of said cause ... and that there are no clear controlling precedents in the decisions of the supreme court of this state, such federal court before rendering a decision may certify such questions or propositions of law of this state to the Supreme Court of Louisiana for rendition of a judgment or opinion." Rule XII, RULES OF THE SUPREME COURT OF LOUISIANA.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF LOUISIANA:

TO THE HONORABLE CHIEF JUSTICE AND ASSOCIATE JUSTICES OF THE SUPREME COURT OF LOUISIANA:

## I. Style of the Case

The style of the case that we certify is *First National Bank of Boston, Plaintiff-Appellee, Beckwith Machinery Co., Intervenor-Appellant, versus Viking Maritec, Inc., Defendant,* No. 93-3631, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Eastern District of Louisiana. Jurisdiction in the Federal District Court was established solely on diversity of citizenship.

## II. Statement of Facts

This case revolves around the construction and financing of a towboat. In 1992, Viking Maritec, Inc. ("Viking") and Avondale Industries, Inc. ("Avondale") entered into a contract for Avondale to build a towboat for Viking in exchange for a purchase price of $2.8 million. Viking entered into a credit agreement with First National Bank of Boston ("FNBB") to finance the purchase price due Avondale and to pay for other equipment for the vessel. FNBB agreed to lend Viking up to $4.8 million, and Viking executed a construction note in favor of FNBB. Viking also executed a "Louisiana Ship Mortgage and Security Agreement," granting the bank under the provisions of the LA.REV.STAT.ANN. 10:9-101-10:9-604 (West 1993) a security interest in the towboat and its materials and components. FNBB perfected the security interest by filing a UCC-1

2

financing statement in the proper office on August 6, 1992. The documents stated that the Ship Mortgage Law and the Louisiana UCC would govern the security agreement. In early 1993, Viking purchased from Beckwith Machinery Company ("Beckwith") engines and related machinery, which were incorporated into the tugboat.

Viking did not pay either Beckwith or FNBB. After its demand for payment was not answered, FNBB filed an action in federal district court to have the unfinished and undocumented towboat seized and sold. Beckwith intervened, seeking priority through the Louisiana Civil Code which gives privileges to certain classes of creditors, including suppliers of ship-building materials and equipment. LA.CIV.CODE ANN. art. 3237 (West 1952). FNBB filed a motion asking the court to give priority instead to its perfected UCC security interest.

On July 26, 1993, the district court rendered a decision formally ranking FNBB's security interest in the vessel ahead of Beckwith's materialman's privilege. Judgment was entered on September 3, 1993, giving priority to the bank's security interest. Beckwith appeals from that judgment. In its memorandum and order, the district court expressed considerable doubt as to whether the Louisiana legislature intended such a result.

### III. Question Certified

Which interest should have priority under Louisiana law: (1) a civil law "privilege" for suppliers of ship-building materials, thus giving Beckwith creditor priority rights, or (2) an earlier perfected UCC security interest, thus giving FNBB creditor priority

3

rights.

## IV. Conclusion

We disclaim any intent that the Louisiana Supreme Court confine its reply to the precise form or scope of the legal question that we certify. The answer provided by the Louisiana Supreme Court will determine the issue on appeal in this case. We transfer to the Louisiana Supreme Court the record and appellate briefs in this case with our certification.

We CERTIFY the question stated to the Louisiana Supreme Court.