**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 93-3631

THE FIRST NATIONAL BANK OF BOSTON,

Plaintiff-Appellee,

VERSUS

BECKWITH MACHINERY COMPANY,

Intervenor-Appellant,

VERSUS

VIKING MARITEC, INC.,

Defendant.

Appeal from the United States District Court
for the Eastern District of Louisiana
(June 13, 1995)

Before JOHNSON, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:

This case revolves around the construction and financing of a towboat. In 1992, Viking Maritec, Inc. ("Viking") and Avondale Industries, Inc. ("Avondale") entered into a contract for Avondale to build a towboat for Viking in exchange for a purchase price of $2.8 million. Viking entered into a credit agreement with First National Bank of Boston ("FNBB") to finance the purchase price due Avondale and to pay for other equipment for the vessel. FNBB

agreed to lend Viking up to $4.8 million, and Viking executed a construction note in favor of FNBB. Viking also executed a "Louisiana Ship Mortgage and Security Agreement," granting the bank a security interest in the towboat and its materials and components under the provisions of the LA. REV. STAT. ANN. 10:9-101 - 10:9-604 (West 1993). FNBB perfected the security interest by filing a UCC-1 financing statement in the proper office on August 6, 1992. The documents stated that the Ship Mortgage Law and the Louisiana UCC would govern the security agreement. In early 1993, Viking purchased from Beckwith Machinery Company ("Beckwith") engines and related machinery, which were incorporated into the tugboat.

Viking did not pay either Beckwith or FNBB. After its demand for payment was not answered, FNBB filed an action in federal district court to have the unfinished and undocumented towboat seized and sold. Beckwith intervened, seeking priority through the Louisiana Civil Code, which gives privileges to certain classes of creditors, including suppliers of shipbuilding materials and equipment. LA. CIV. CODE ANN. art. 3237 (West 1952). FNBB filed a motion asking the court to give priority instead to its perfected UCC security interest.

On July 26, 1993, the district court rendered a decision formally ranking FNBB's security interest in the vessel ahead of Beckwith's materialman's privilege. First Nat. Bank of Boston v. Viking Maritec, Inc., No. CIV.A 93-1336, 1993 WL 292996 (E.D. La. 1993). A final judgment was entered on September 3, 1993, giving priority to the bank's security interest. The towboat was sold at

a judicial sale on August 20, 1993, and FNBB was paid its debt on September 23, 1993. Beckwith brought the instant appeal.

Noting that the determinative issue in this case is clearly a matter of Louisiana law, and finding no ruling by a Louisiana court on such issue, we certified the following question to the Louisiana Supreme Court:

> Which interest should have priority under Louisiana law: (1) a civil law "privilege" for suppliers of shipbuilding materials, thus giving Beckwith creditor priority rights, or (2) an earlier perfected UCC security interest, thus giving FNBB creditor priority rights?

See First Nat. Bank of Boston v. Beckwith Machinery Co., 26 F.3d 580 (5th Cir. 1994) (certifying question). The Louisiana Supreme Court granted certification, 648 So.2d 379, and responded with a well-reasoned opinion explaining the proper priority of Louisiana Civil Code privileges in relation to the Louisiana Uniform Commercial Code. See First Nat. Bank v. Beckwith Machinery, 650 So.2d 1148 (La. 1995). In its opinion, which we adopt and incorporate herein, the Louisiana court reached the following conclusion:

> A prior perfected Chapter 9 security interest created pursuant to [LA. REV. STAT. ANN.] 10:9-101 *et seq.* has priority over a nonpossessory materialman's privilege granted to a supplier of shipbuilding materials under LA. CIV. CODE ANN. art. 3237(8).

Id. at 1157. We now apply that ruling in our disposition of this appeal. Under Louisiana law, the prior perfected security interest held by plaintiff-appellee First National Bank of Boston has

3

priority over the civil code materialman's privilege held by intervenor-appellant Beckwith Machinery. We therefore AFFIRM the decision of the district court to rank the bank's interest first.

AFFIRMED.